IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| REYNALDO G. GARZA, II, RAMIRO F. GARZA, and KATHERINE E. GARZA,<br><br>   Plaintiffs,<br><br>v.<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY,<br><br>   Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO: 5:20-CV-00376<br>§<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFFS' ORIGINAL COMPLAINT**

Reynaldo G. Garza II, Ramiro F. Garza, and Katherine E. Garza ("Plaintiffs"), beneficiaries under a life insurance policy governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, et seq., and pursuant to 29 U.S.C. § 1132(a), file this Complaint for wrongful denial of life insurance benefits against Defendant, Reliance Standard Life Insurance Company ("Reliance"):

**I. INTRODUCTION**

1. This action is brought to secure the benefits payable under a life insurance policy (the "Policy") issued by Reliance to Reynaldo G. Garza (the "Insured"), through his employer, Campbell Painting Inc. (hereinafter "Campbell"). The Insured was employed by Campbell in this District in San Antonio, Bexar County, Texas. The Policy is governed by ERISA, 29 U.S.C. §1001 et seq. Plaintiffs are the children of the Insured and are beneficiaries under the Policy. At the time of his death, the Insured was employed by Campbell and had purchased term life insurance with Reliance. The Policy provided death benefits of $240,000.00. Plaintiffs were designated as three

of the four beneficiaries of the Insured.  The Insured died on March 23, 2018 and was covered under the Policy.  Reliance has refused to pay all amounts due and owing to the Plaintiffs under the Policy.  Therefore, Plaintiffs bring this action to recover life insurance benefits payable, attorney's fees, and such other and further relief as the Court deems just and proper.

## II.  PARTIES

2. Reynaldo G. Garza II is an individual and citizen of Texas.  He is the son of Reynaldo G. Garza, the Insured who is deceased.  He is a beneficiary under the Policy.

3. Ramiro F. Garza is an individual and citizen of Texas.  He is the son of Reynaldo G. Garza, the Insured who is deceased.  He is a beneficiary under the Policy.

4. Katherine E. Garza is an individual and citizen of Texas.  She is the daughter of Reynaldo G. Garza, the Insured who is deceased.  She is a beneficiary under the Policy.

5. Reliance Standard Life Insurance Company ("Reliance") is a corporation organized under Illinois law and maintains its principal place of business at:  2001 Market Street, Suite 1500, Philadelphia, PA 19103.  Reliance is authorized to conduct business within Texas and its registered agent for service of process is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 78201.

## III.  JURISDICTION AND VENUE

6. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. 1132(e)(1).  The Court has personal jurisdiction over the parties to this action.

7. Venue is proper in this District pursuant to 29 U.S.C. 1132(e)(2) and 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, the Plan was administered in this District, and Reliance breached its obligation in this District.

## IV.  FACTUAL BACKGROUND

8.  The Insured was employed by Campbell as a millwork operations manager in San Antonio, Texas.  Reliance issued a group term life insurance policy (Policy No. VL 600, Participating Unit No. VGTL 185348) to Campbell and its eligible employees.  The Policy was valid and in effect at all relevant times.  Reliance is the Policy insurer and actually administers the Policy.

9.  The Policy provided eligible employees of Campbell with guaranteed benefits of $70,000 effective upon the first day of the month coinciding with or next following the date the employee's application was signed.  The Policy also authorized employees to enroll in additional non-guaranteed benefits, effective upon the first day of the month coinciding with or next following the date the application was approved by Reliance and any additional premium was received

10.  The Insured elected $170,000 of additional life insurance benefits above the guaranteed amount of $70,000.  The Insured signed his application on December 11, 2015, and Reliance's underwriting department approved his application on February 16, 2016.  Thus, coverage for the Insured's guaranteed amount of $70,000 became effective on January 1, 2016 and coverage for his additional amount of $170,000 became effective on March 1, 2016.

11.  The Policy contains a suicide limitation clause, which states that if an insured dies by suicide within 2 years from the effective date of his coverage, Reliance's payment will be limited to a refund of all premiums paid prior to the date of death.

12.  The Insured died on March 23, 2018.  His death certificate states that the cause of death was suicide caused by a self-inflicted gunshot wound.

13.  On April 4, 2018 Plaintiffs made a timely claim for all life insurance benefits payable under the Policy.  Reliance reviewed the claim and refused to pay any amounts in excess

of the guaranteed issue amount $70,000.  Reliance did not provide written notice its decision until January 30, 2019.

14.     On March 13, 2019, Plaintiffs timely appealed Reliance's decision, thereby exhausting their administrative remedies.  In a letter dated June 20, 2019, Reliance reiterated its original decision to deny coverage above the $70,000 guaranteed issue amount.  Reliance stated that the Insured's $170,000 of additional coverage was not approved by underwriting until March 3, 2016, resulting in coverage becoming effective on April 1, 2016 (a date within two years of the Insured's death).

15.     On November 13, 2019, Plaintiffs sent a letter to Reliance, asking for production of its entire administrative file relating to the Insured.  On November 19, 2019, Reliance complied with this request and delivered its administrative file to Plaintiffs.

16.     Reliance's file contains a letter from its Medical Underwriting Department to the Insured, dated February 26, 2016, which states:

> On behalf of Reliance Standard, I am happy to inform you that I've received your application for Basic Life coverage and you have been approved for the following:
>
> Employee Guaranteed Issue Amount:      $  70,000      Effective Date: 01-JAN-16
> Employee Non Guaranteed Issue Amount:      $ 170,000      Effective Date: 01-APR-16

*See* **Exhibit A**, attached hereto.  Thus, Reliance approved the Insured's $170,000 additional coverage on February 26, 2016, not March 3, 2016.

17.     Under the terms of the Policy, the Insured's effective date of coverage for the additional $170,000 of benefits was the first day of the month coinciding with or next following the date his application was approved.  Therefore, the Insured's effective date of coverage for the

$170,000 of benefits was March 1, 2016.[1]  The Insured's death (on March 23, 2018) occurred more than two years after coverage became effective.  Accordingly, Reliance's denial of Plaintiffs' claim is clearly erroneous.  *Nw. Mut. Life Ins. Co. v. Johnson*, 254 U.S. 96, 41 S. Ct. 47, 65 L. Ed. 155 (1920) (clause in life insurance policy excepting liability for suicide of the insured within two years from the date of the policy impliedly imposes liability for benefits if suicide occurs after the expiration of the two year period); *Am. Nat. Ins. Co. v. Motta*, 404 F.2d 167 (5th Cir. 1968).

18.  Each Plaintiff is entitled to receive 25% of the death benefits payable under the Policy, as well as reasonable and necessary attorney's fees incurred to enforce the Policy and secure the benefits to which they are entitled.

## V.  CAUSES OF ACTION

### Violation of ERISA and the Policy Terms

19.  Plaintiffs incorporate and reallege Paragraphs 1 – 18.

20.  Reliance's denial of the death benefits due and payable under the Policy violated ERISA and the terms of the Policy because it was erroneous, arbitrary, in bad faith, and unsupported by the evidence.  Coverage for the additional benefits of $170,000 became effective on March 1, 2016, and the Insured died more than two years later, after the suicide limitation clause had expired.  Pursuant to 29 U.S.C. 1132, Plaintiffs, as the Insured's beneficiaries, are entitled to recover all the life insurance benefits that are due and payable under the Policy.  Each Plaintiff is entitled to recover 25% of the $170,000.00 additional coverage that Reliance has failed and refused to pay, including interest on such amounts; and all reasonable and necessary attorney's fees incurred to enforce their rights and recover the benefits to which they are entitled.  *See* 29 U.S.C. § 1132(g).

---

[1]  Reliance's February 26, 2016 letter erroneously stated that the Insured's effective date of coverage would be April 1, 2016.  The terms of the Policy govern the effective date of coverage.

## VI.  PRAYER

WHEREFORE, Plaintiffs request that the Court, upon final hearing, enter its judgment in favor of Plaintiffs on all claims, awarding them all death benefits that remain due and payable under the Policy, including interest on such amounts, and reasonable and necessary attorney's fees. Plaintiffs pray for all other and further relief, at law and equity, to which they may be entitled.

Respectfully submitted,

*/s/ Mark J. Barrera*
Mark J. Barrera
State Bar No. 24050258
THE BARRERA FIRM
424 East Nueva
San Antonio, Texas 78205
(210) 224-5811 (tel)
(210) 224-5890 (fax)
mark@thebarrerafirm.com

***Attorney for Plaintiffs***